UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 1, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Shannon P. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-1404-BAH

Dear Counsel:

On June 7, 2021, Shannon P. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 22, 25, 26. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for a period of disability and Disability Insurance Benefits ("DIB") on April 15, 2019, alleging a disability onset of March 22, 2019. Tr. 240–41. Plaintiff's claim was denied initially and on reconsideration. Tr. 118–20, 160–72. On August 12, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 45–74. Following the hearing, on October 6, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 24–37. The Appeals Council denied Plaintiff's request for review, Tr. 2–8, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.  **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-

---

[1] 42 U.S.C. §§ 301 et seq.

Case 1:21-cv-01404-BAH   Document 27   Filed 09/01/22   Page 2 of 5

*Shannon P. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1404-BAH
September 1, 2022
Page 2

step sequential evaluation process used to evaluate a claimant's disability determination. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)) (citation omitted).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 22, 2019, the alleged onset date." Tr. 26. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease, degenerative joint disease, ischemic heart disease, congestive heart failure, pulmonary hypertension, coronary artery disease, gastrointestinal disorder, hypercholesterolemia, and obesity." Tr. 26. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "depression and anxiety." Tr. 27. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. 28. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except she can lift 10 pounds; stand/walk 2 hours per day; sit 6 hours per day; never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, balance, crouch, and crawl; frequently stoop and kneel; she must avoid temperature extremes, wetness and humidity, vibration, pulmonary irritants, hazardous machinery and heights; and must be able to wear an oxygen line and tank at all times.

Tr. 28. The ALJ determined that Plaintiff was capable performing past relevant work as an "Office Manager, Accounting Clerk, and Policy Holder Information Clerk." Tr. 35. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 37.

### III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x. 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence

Case 1:21-cv-01404-BAH   Document 27   Filed 09/01/22   Page 3 of 5

*Shannon P. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1404-BAH
September 1, 2022
Page 3

as a reasonable mind might accept as adequate to support a conclusion.'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.   ANALYSIS

Plaintiff raises two arguments on appeal, specifically that the ALJ's: (1) step three determination is not supported by substantial evidence and (2) steps four and five conclusions are not supported by substantial evidence. Pl.'s Br. 9–27, ECF 22-1. In considering Plaintiff's first argument, Plaintiff relies on Fourth Circuit case law to suggest the ALJ in this case "never compared each listed criteria to the evidence of record, rending his step-three determination unreviewable and unsupported by substantial evidence." *Id.* at 17 (citing *Cook v. Heckler*, 783 F.2d 1168, 1172–73 (4th Cir. 1986); *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013); *Fox v. Colvin*, No. 14-2237, 2015 WL 9204287, at *4 (4th Cir. Dec. 17, 2015)).

Defendant counters that "[r]eading the ALJ's decision as a whole, substantial evidence supports the finding at step three of the sequential evaluation process, as the ALJ's analysis at subsequent steps of the evaluation are inconsistent with meeting listing 1.04A. Def.'s Br. 4, ECF 25-1 (citing *Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) (internal citation omitted); *Keene v. Berryhill*, 732 F. App'x 172, 177 (4th Cir. 2018)). Defendant further asserts that "even if the ALJ's analysis at step three is inadequate, any error is harmless because the record does not support a finding that Plaintiff's impairment meets or equals Listing 1.04A." *Id.* (citing *Shinseki v. Sanders*, 556 U.S. 396, 497–10 (2009); *Bishop v. Comm'r, Soc. Sec. Admin.*, 583 F.App'x 65, 67 (4th Cir. 2014) ("[A]ny error is reviewed under the harmless error doctrine.")). Plaintiff rebuts that Defendant simply provides "*post hoc* justifications and conclusion . . . [which] consists of nothing more than specific listing conclusions that the ALJ did not make for the sole purpose of curing the ALJ's non-existent listing analyses." Pl.'s Reply 2, ECF 26 (citing Def.'s Br. 6–10, ECF 25-1).

At step three, an ALJ determines whether a claimant's impairments are severe enough to meet or equal a particular listing. *See* 20 C.F.R. § 404.1525(a). The Listings of Impairments (the "Listings") "describe[ ] for each of the major body systems impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity. . . ." *Figgs v. Saul*, No. 1:20-CV-00334-JMC, 2021 WL 3930708, at *5 (D. Md. Sept. 2, 2021) (quoting 20 C.F.R. § 404.1525(a)). "The claimant has the burden of proving that her impairments meet or medically equal a listed impairment." *Angela C. v. Kijakazi*, No. CV TJS-21-0349, 2022 WL 601098, at *2 (D. Md. Mar. 1, 2022) (citing *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981)). "An ALJ is not required to discuss every possible listing that might apply to a claimant, but if the 'medical record includes a fair amount of evidence' that a claimant's impairment meets a listing, the ALJ must discuss the relevant listing and provide a coherent explanation regarding whether the claimant's impairments meet or equal it." *Id.* (quoting *Radford v. Colvin*, 734 F.3d 288, 294 (4th Cir. 2013)).

Case 1:21-cv-01404-BAH   Document 27   Filed 09/01/22   Page 4 of 5

*Shannon P. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1404-BAH
September 1, 2022
Page 4

"To meet Listing 1.04, a claimant must have a disorder of the spine, resulting in compromise of a nerve root, with either: (A) evidence of nerve root compression; (B) spinal arachnoiditis; or (C) lumbar spinal stenosis." *Id.* (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04).

In this case, the ALJ's step-three analysis consists of a single paragraph. Tr. 28. After concluding that none of Plaintiff's impairments or combination of impairments meets or medically meets the severity of one of the Listings, the ALJ summarily concluded:

> In making this finding, the undersigned Administrative Law Judge has given particular consideration to the claimant's physical impairments when compared to the requirements of Listings 1.00 et seq., *Musculoskeletal System*; and 4.00 et seq., *Cardiovascular System*. However, not only did the claimant fail to meet her burden of establishing that the severity of any of her impairments meets or medically equals any of the Listings; but also, no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination; no State agency reviewer, consultant, or examiner has concluded that the claimant has any impairment severe enough to meet or equal a listing; no subsequent evidence has been submitted that would alter the previous conclusions that the claimant has no impairments severe enough to meet or equal a listing; and no treating physician has credibly concluded that the claimant has an impairment or combination thereof severe enough to meet or equal a listing.

Tr. 28.

While I agree that the ALJ's step three analysis is sparse and "would have benefited from more explanation," an unsatisfactory step three analysis alone is not dispositive. *Helene C. v. Comm'r, Soc. Sec. Admin.*, No. CV DLB-18-2938, 2020 WL 1694491, at *5 (D. Md. Apr. 7, 2020). "As this Court has explained, an ALJ's failure to support a step-three conclusion may not be fatal if the ALJ cited to substantial evidence elsewhere in the decision to support his conclusion." *Id.* at *2 (citing *Grimm v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3403, 2016 WL 6651300, at *2 (D. Md. Nov. 10, 2016); *Schoofield v. Barnhart*, 220 F. Supp.2d 512, 522 (D. Md. Sept. 6, 2002) (explaining that remand is not warranted "in those circumstances where it is clear from the record which listing or listings . . . were considered," and the court can still "readily [ ] determine whether there was substantial evidence to support the ALJ's Step Three conclusion.")). Thus, Defendant is correct that the ALJ's decision must be read "as a whole" and in asserting that a reviewing court can find that "substantial evidence supports the finding at step three of the sequential evaluation process [if] the ALJ's analysis at subsequent steps of the evaluation are inconsistent with meeting [a relevant listing]." *Smith*, 457 F. App'x at 328 (citing *Fischer–Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005)).

However, even in reading the ALJ's decision as a whole, the Court nonetheless finds that the ALJ's step-three conclusions are not supported by substantial evidence. Despite the ALJ thoroughly summarizing several of Plaintiff's medical records in the RFC analysis, the ALJ failed to connect any of the references to the medical evidence support the ALJ's findings that none of

*Shannon P. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1404-BAH
September 1, 2022
Page 5

Plaintiff's impairments or combination of impairments meet the Listings. *See* Tr. 29–35. As such, I am unable to determine whether the ALJ considered any specific Listings at all and such speculation on my part would be inappropriate. *See Fox*, 632 F. App'x at 755 ("Our circuit precedent makes clear that it is not [my] role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record.").

Moreover, the ALJ fails to mention a single Listing's specific criteria in the entire decision, most importantly, in the RFC analysis. Tr. 29–35. The omission of any Listing criterion throughout the decision "makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." *Radford*, 734 F.3d at 295 (citing *Cook*, 783 F.2d at 1173). Therefore, remand is warranted. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the ALJ's unsupported step-four and step-five conclusions. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion.

### V.    CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 22, is DENIED and Defendant's motion for summary judgment, ECF 25, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge